IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Exxon Mobil Corporation, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BP p.l.c., | § | (To modify injunction order issued by U.S. |
| | § | Dist. Ct. E.D. Mo. in Civil Action 11407) |
| Defendant. | § | |

## MISCELLANEOUS ACTION:
## MOTION TO MODIFY INJUNCTION UNDER FED. R. CIV. P. 60(b)(5)

Plaintiff Exxon Mobil Corporation ("ExxonMobil") hereby moves this Court for partial relief from the injunction decree entered in Case No. 11407 against Esso, Incorporated (a predecessor-in-interest to Exxon Mobil Corporation), pursuant to FED. R. CIV. P. 60(b)(5).[1] Specifically, ExxonMobil requests this Court modify the 1937 permanent injunction[2] to permit ExxonMobil to use its mark ESSO and marks containing "Esso" in the marketing and sale of petroleum products in the following states: Colorado, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Montana, North Dakota, Nebraska, Oklahoma, South Dakota, Wisconsin and Wyoming (the "subject states"). A proposed modified injunction is attached as Exhibit 2.

The motion for relief under FED. R. CIV. P. 60(b)(5) should be granted for the reasons set forth more fully in the Memorandum in Support of Plaintiff's Motion for Modification of an Injunction Under FED. R. CIV. P. 60(b)(5), filed herewith and summarized as follows:

---

[1] A party seeking relief from a permanent injunction under FED. R. CIV. P. 60(b)(5) is permitted to file an independent action requesting such relief. *See* FED. R. CIV. P. 60(d)(1) (explicitly permitting a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding…").

[2] A copy of the 1937 permanent injunction is attached. *See* Exhibit 1, Declaration of Casey Johnson, ¶ 2, Ex. 1A.

(1)     In the 78 years that have passed since the 1937 decree ("the decree") was entered, a significant change in the public's perception of the marks STANDARD OIL COMPANY, STANDARD OIL, STANDARD, S O C O, and S O (collectively, the "STANDARD Marks") and the mark ESSO in the subject states has occurred.

(2)     Use of the mark ESSO in the subject states is no longer likely to cause confusion with Standard Oil Company (Indiana), as the public no longer associates the mark ESSO with Standard Oil.

(3)     As the dangers that the decree was meant to foreclose have disappeared, continued enforcement of the injunction prohibiting the use of the mark ESSO is inequitable and oppressive.

(4)     Accordingly, the Court should modify the injunction to permit the use of ESSO (alone and in combination with other non-confusing terms) in the subject states.

Dated: _12 -18 -15_                    Respectfully Submitted,

                                       _Charles Weiss_ (signature)
                                       Charles A. Weiss
                                       Missouri Bar No. 20299
                                       Bryan Cave LLP
                                       One Metropolitan Square
                                       211 North Broadway, Suite 3600
                                       St. Louis, MO 63102
                                       Email: caweiss@bryancave.com
                                       Telephone: (314) 259-2215
                                       Facsimile: (314) 552-8215

                                       Louis T. Pirkey (*pro hac admission pending*)
                                       Texas Bar No. 16033000
                                       Alexandra H. Bistline (*pro hac admission pending*)
                                       Texas Bar No. 24092137
                                       PIRKEY BARBER PLLC
                                       600 Congress Avenue, Suite 2120
                                       Austin, TX 78701
                                       Email: lpirkey@pirkeybarber.com
                                       Email: abistline@pirkeybarber.com
                                       Telephone: (512) 322-5200
                                       Facsimile: (512) 322-5201

                                       ATTORNEYS FOR PLAINTIFF
                                       EXXON MOBIL CORPORATION

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Exxon Mobil Corporation, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BP p.l.c., | § | (To modify injunction order issued by U.S. |
| | § | Dist. Ct. E.D. Mo. in Civil Action 11407) |
| Defendant. | § | |

## DECLARATION OF K. C. JOHNSON IN SUPPORT OF MOTION TO MODIFY INJUNCTION UNDER FED. R. CIV. P. 60(b)(5)

I, K. C. Johnson, make the following declaration:

1.      I am K.C. Johnson, Counsel for Exxon Mobil Corporation.

2.      Attached as Exhibit 1A is a copy of the 1937 permanent injunction entered in Case No. 11407, which was located in Exxon Mobil Corporation's files.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 16, 2015.

K. C. Johnson

2

# EXHIBIT 1A

C O P Y

## TRADE MARK DECREE

Standard Oil Company v. Standard Oil
Company (New Jersey) et al   27 T.M. Rep.
544 (E.D. Mo. 1937) aff'd on appeal 98
F.2d 1 (8 Cir., 1938)

DECREE ENTERED BY COURT BELOW.

This cause came on to be heard at this term and was argued
by counsel; and thereupon, upon consideration thereof, it was
and is ordered, adjudged and decreed, in accordance with the
findings of fact and conclusions of law filed herewith that:

Defendant, Esso, Incorporated, its agents, servants, repre-
sentatives, employees, attorneys, confederates, and all others
acting for, with, through or under it and each of them, be and
hereby are perpetually enjoined and restrained;

(a)   From using in the states of Missouri, Colorado, Illinois,
Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, North Dakota,
Oklahoma, South Dakota, Wisconsin or Wyoming (in connection with
petroleum and its products or in the petroleum industry or in
connection with the sale of any articles similar to those hereto-
fore marketed by plaintiff,) in any name, corporate or otherwise,
or as a brand for merchandise, or in any manner:

1.   The term "Esso", either alone or in combination with
other names, terms, letters, marks, symbols or syllables.

2.   Any of plaintiff's trade-marks or trade names, i.e.,
"Standard Oil Company," "Standard Oil," "Standard,"
"S O C O," or "S O," or any names, terms, marks or symbols
colorably similar thereto in sound, appearance, significance
or meaning, or any combination thereof with other names,
terms, letters, marks, symbols or syllables.

(b)   From selling, offering or advertising for sale any
product not plaintiff's product of a similar nature to the pro-
ducts heretofore marketed by the plaintiff in the above named
states under any name or mark or by any method indicating that
such product is the product of Standard Oil Company;

(c)   From committing any other act or acts calculated to
cause confusion or to infringe, injure or damage the rights of
the plaintiff in and to its trade marks, name and good will,
and from otherwise competing unfairly with the plaintiff by any
means or in any manner.

It is further ordered, adjudged and decreed that a writ
of injunction issue out of this Court in accordance with the
foregoing order and decree; and that

The plaintiff shall recover from defendant all profits
and gains which defendant may have derived on account of defen-
dant's acts enjoined by this decree, as well as all damages which
the plaintiff has suffered by reason thereof and that this cause
is hereby referred to Staunton E. Boudreaux, Esq. as Special
Master, to ascertain and take and state and report to this court
an account of said profits and damages; and the defendant, its
officers, directors, agents and servants, and each of them,
are hereby directed and required to attend before the said
Special Master, as required by said Special Master, and produce
the books, papers, exhibits, statements and documents of the
said defendant as it may be directed by the said Special Master,
and to submit to such examination as the said Special Master
may direct.

Done this 8th day of July, 1937, by this Court.

Geo. H. Moore

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

Standard Oil Company (Indiana),  §
§
§
Plaintiff,  §
§
v.  §     Civil Action No. 11407
§
Esso, Incorporated,  §
§
Defendant.  §

## [PROPOSED] MODIFIED INJUNCTION

Defendant, Esso, Incorporated, now Exxon Mobil Corporation, its agents, servants, representatives, employees, attorneys, confederates, and all others acting for, with, through or under it and each of them, be and hereby are perpetually enjoined and restrained;

(a) From using in the states of Missouri, Colorado, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, North Dakota, Oklahoma, South Dakota, Wisconsin or Wyoming in connection with petroleum and its products or in the petroleum industry or in connection with the sale of any articles similar to those heretofore marketed by plaintiff, in any name, corporate or otherwise, or as a brand for merchandise, or in any manner:

> Plaintiff's trade-marks or trade names "Standard Oil Company," "Standard Oil," "Standard," "S O C O," or "S O," or any names, terms, marks or symbols colorably similar thereto in sound, appearance, significance or meaning, or any combination thereof with other names, terms, letters, marks, symbols, or syllables.

(b) From selling, offering or advertising for sale any product not plaintiff's product of a similar nature to the products heretofore marketed by the plaintiff in the above named states under any name or mark or by any method indicating that such product is the product of Standard Oil Company.

This injunction does not prohibit or enjoin Defendant from using the mark ESSO in the states of Missouri, Colorado, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, North Dakota, Oklahoma, South Dakota, Wisconsin or Wyoming.